UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUGHKEITH, JR., | ) | CASE NO. 1:24-cv-01842 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN HAROLD MAY, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| Respondent. | ) | |

Christopher Hughkeith, Jr. ("Petitioner" or "Hughkeith") filed a habeas petition *pro se* under 28 U.S.C. § 2254. (*See* Doc. 1.) Hughkeith raises two grounds for relief: ineffective assistance of counsel and denial of due process. (*See id.* at 1.)[1] For the following reasons, this action is DISMISSED without prejudice.

I. **BACKGROUND**

Hughkeith filed his petition on October 23, 2024. (*Id.*) He did not pay the filing fee or submit a complete and proper application to proceed *in forma pauperis*.[2] On November 14, 2024, the Court ordered Hughkeith to pay the filing fee of $5 or file a proper application within 30 days of the Order. (Doc. 3, "Deficiency Order.") The Deficiency Order expressly cautioned that failure to comply with the Deficiency Order may result in his case being dismissed. (*Id.*) A copy of the Deficiency Order was mailed to Hughkeith at his address of record the same day.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] Hughkeith likewise did not complete a civil cover sheet as required by Local Rule 3.13(a). (October 23, 2024 Order.) Though the Court mailed Hughkeith a black civil cover sheet, he has not returned a completed copy of this document.

II.     **LAW AND ANALYSIS**

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions.  *See Cochran v. Schaffer*, No. 4:20-cv-818, 2020 WL 3317477, at *1 (N.D. Ohio June 18, 2020) (citing *Jackson v. Mich. Parole Bd.*, No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006)).  Courts hold *pro se* pleadings to less stringent standards than those drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, this latitude does not extend to compliance with readily understood orders and deadlines.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming dismissal under Federal Rule of Civil Procedure 41(b) because the "action was not dismissed as a result of inartful pleading or any lack of legal training but rather because [plaintiff] failed to adhere to readily comprehended court deadlines of which he was well aware"); *see also Cochran*, 2020 WL 3317477, at *2 (holding plaintiff's *pro se* status does not relieve a plaintiff of his or her obligation to fully comply with court orders and the rules of civil procedure).

Therefore, where a *pro se* litigant fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution.  *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (finding dismissal of a Section 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion because the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming the dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply); *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming the district court's dismissal of a habeas corpus petition without prejudice for want of prosecution

because the petitioner failed to comply with the deficiency order).

The Court notified Hughkeith of the filing fee deficiency, provided specific instructions to cure it, attached a blank application to proceed *in forma pauperis*, granted him 30 days to correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. (*See* Doc. 3.) A copy of the Deficiency Order was mailed to Hughkeith's address of record, and there is no indication on the docket that the mailing was returned as undeliverable. To date, Hughkeith has not addressed the filing fee deficiency, sought an extension of time to do so, or provided the Court with any explanation as to why he could not comply. Accordingly, dismissal without prejudice is appropriate. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (holding if a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution); *Hill v. Lucas Cnty. Common Pleas Court*, 190 F.Supp.3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

### III. CONCLUSION

This case is DISMISSED without prejudice for failure to prosecute. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 4, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE